UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18-cv-00011-FDW-DCK

| STACY FARMER, as Administratrix of the Estate of MOSES FARMER, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| HANKOOK TIRE CO., LTD.; JOHN B. OSTWALT, JR., as Administrator of the Estate of RANDOLPH L. MORRISON; and HANKOOK TIRE AMERICA CORPORATION ; | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

THIS MATTER is before the Court on Plaintiff's Emergency Motion to Remand (Doc. No. 3) and Plaintiff's second Emergency Motion to Remand (Doc. No. 4).

The Court's order in its companion/related case, Boyer et. al., v. Hankook Tire Co., Ltd., et.. al., (5:18-cv-00009-FDW-DCK) remanding the case back to state court stated:

> In short, Plaintiffs allege this Court lacks jurisdiction over this case, which Defendants removed on the eve of trial in state court. Defendants responded to the pending motions (Doc. No. 5). The Court has also reviewed Defendants' lengthy Notice of Remand (Doc. No. 1), which also contains the factual and legal arguments upon which Defendants contend jurisdiction exists in this Court. Accordingly, Defendants have been afforded an opportunity to be heard on their position in opposition to the relief requested by Plaintiffs' instant motion. Further, the procedural posture of this matter warrants immediate ruling by this Court.
>
> In addition to reviewing all the pleadings in the instant case, the Court has also carefully reviewed the pleadings and judicial rulings in the related matter of Boyer v. Hankook, 5:14-cv-00165-RLV, which involved the same case as the case at bar. The Court finds particularly important the order remanding this case to state court and rejecting Defendants' asserted basis for removal and jurisdiction in this Court. See Boyer v. Hankook, 5:14-cv-00165-RLV, Doc. No. 28 (January 30, 2015). In that order, the Honorable Richard L. Voorhees addressed the identical

1

issues presented now, albeit at a different procedural posture in the case. Here, Defendants reassert the same basis for jurisdiction in this Court, arguing Plaintiffs are engaged in fraudulent joinder and are acting in bad faith by retaining a defendant who defeats diversity jurisdiction in this Court. Plaintiffs disagreed with Defendants in opposing the original removal (see Boyer v. Hankook, 5:14-cv-00165-RLV, Docs. Nos. 16, 17), and continue to assert at this stage in the litigation that all named Defendants are appropriate parties, particularly since a portion of Defendant Hankook's defense appears to allege wrongdoing by the other Defendant. (Doc. No. 3).

For the reasons stated in Judge Voorhees' decision in 5:14-cv-165 (Doc. No. 28), as well as the reasons stated in Plaintiffs' Motion for Remand in the instant case (Doc. No. 3), the Court GRANTS the Emergency Motion for Remand. In sum, the Court rejects Defendants' contentions as to any bad faith or fraudulent joinder by Plaintiffs and concludes diversity jurisdiction under 28 U.S.C. § 1332 does not exist in this case. Accordingly, subject matter jurisdiction is lacking, and this case shall be remanded. In light of this ruling, as well as the fully-developed record contained within the two dockets for this case (5:14-cv-165; 5:18-cv-9), the Court DENIES AS MOOT Plaintiffs' Motion for a Hearing.

As the facts and issues in this cases are identical to those in Boyer and counsel for Defendant does not contest the remand of this case back to state court, the Court hereby adopts the rationale contained in the Boyer order remanding the case back to state court and grants Plaintiff's Motions (Docs. No. 3, 4).

IT IS THEREFORE ORDERED that Plaintiff's Motions for Remand (Docs. No. 3, 4) are GRANTED.

IT IS FURTHER ORDERED that the Clerk's office shall immediately serve a copy of this Order on the Honorable Robert C. Ervin, North Carolina Senior Resident Superior Court Judge, via email at an address to be provided to the Clerk of Court and to the appropriate contact at the Superior Court of Iredell County via email at an address to be provided to the Clerk of Court.[1]

---

[1] In light of the public nature of this document, the Court declines to provide such email address in the contents of this document.

IT IS SO ORDERED.

Signed: January 24, 2018

Frank D. Whitney
Chief United States District Judge